UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| KHANH PHAN, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 17-cv-10827-IT |
| | * | |
| DISTRICT COURT MASS, | * | |
| | * | |
| Defendant. | * | |

MEMORANDUM AND ORDER

November 6, 2017

TALWANI, D.J.

Plaintiff Khanh Phan has filed a *pro se* Complaint [#1] against the "District Court Mass." For the reasons set forth below, this action is DISMISSED for lack of jurisdiction.

I. Background

Phan asserts that the action concerns violations of unspecified federal statutes by the "District Court Mass." He alleges without elaboration the following misconduct and injuries: pain and suffering; being held in violation of his rights; discrimination; being deprived of equal rights; and, suffering from health issues, panic attacks, an emotional breakdown, and loss of dignity. Phan seeks $10 million in damages. He did not pay the $400 filing fee or seek leave to proceed *in forma pauperis*.

II. Discussion

A court has an obligation to inquire *sua sponte* into its own jurisdiction. See United States v. Univ. of Mass., Worcester, 812 F.3d 35, 44 (1st Cir. 2016). "Federal courts are courts of limited jurisdiction" and "[t]hey cannot act in the absence of subject matter jurisdiction." Id.

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Here, the court lacks jurisdiction over this action. The court understands Phan's suit to be against the United States District Court for the District of Massachusetts, a court within the judicial branch of the United States. The United States (including its various branches, departments, and agencies) enjoys immunity from suit except in those instances in which it has expressly consented to be sued. See FDIC v. Meyer, 510 U.S. 471, 475 (1994). A waiver of sovereign immunity must be expressly stated and cannot be implied. See Lane v. Pena, 518 U.S. 187, 192 (1996). Sovereign immunity is jurisdictional. See FDIC, 510 U.S. at 475.

Whatever the factual bases of his claims may be, Phan's claims for violations of his federal rights are not ones where immunity has been waived. See, e.g., Gregory v. U.S./U.S. Bankruptcy Court for Dist. of Colorado, 942 F.2d 1498, 1499-500 (10th Cir. 1991) (affirming dismissal of claims against federal courts based on sovereign immunity); Atchison v. U.S. District Courts, 190 F. Supp. 3d 78, 89 (D.D.C. 2016) (dismissing claims against federal courts based on sovereign immunity); Smith v. Krieger, 643 F. Supp. 2d 1274, 1290-93 (D. Colo. 2009) (same), aff'd, 389 Fed. Appx. 789, 795 (10th Cir. 2010); Daley v. U.S. Dist. Ct. Dist. of Delaware, 629 F. Supp. 2d 357, 359 (D. Del. 2009) (same); cf. McCloskey v. Mueller, 446 F.3d 262, 272 (1st Cir. 2006) (stating that the availability of claims against federal officials in their individual capacities "does not override bedrock principles of sovereign immunity so as to permit suits against the United States, its agencies, or federal officers sued in their official capacities").

To the extent that Phan intended to assert a claim against the judge who presided in the court proceedings at issue, it is well settled that judges have absolute immunity from a claim for damages arising out of their judicial actions. <u>Mireless v. Waco</u>, 502 U.S. 9, 12 (1991).

III. <u>Conclusion</u>

For the foregoing reasons, this action is DISMISSED FOR LACK OF JURISDICTION.

IT IS SO ORDERED.

                                     /s/ Indira Talwani
                                   United States District Judge

November 6, 2017